VENABLE LLP
Marcella Ballard (Admitted *Pro Hac Vice*)
Email:    mballard@venable.com
1270 Avenue of the Americas, 25th Floor
New York, NY 10020
Telephone:  (212) 307-5500
Facsimile:   (212) 307-5598

VENABLE LLP
Melissa C. McLaughlin (SBN 273619)
Email:    mcmclaughlin@venable.com
2049 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:  (310) 229-9900
Facsimile:   (310) 229-9901

Attorneys for Plaintiffs
North Atlantic Operating Company, Inc.
And National Tobacco Company, L.P.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

| | |
|---|---|
| NORTH ATLANTIC OPERATING COMPANY, INC.; NATIONAL TOBACCO COMPANY, L.P.,<br><br>Plaintiffs,<br><br>v.<br><br>DESERTSTAR WHOLESALE, a.k.a. DESERT STAR WHOLESALE; SIMPLE PAY POINT INC.; ALI HASAN ALSAQQA; MUSTAFA ABDEL ZEIDAN; and JOHN DOES #1 thru #99, inclusive,<br><br>Defendants | CASE NO. EDCV14-01288 VAP (DTBx)<br><br>Hon. Virginia A. Phillips<br>Courtroom 2<br><br>[~~PROPOSED~~] PROTECTIVE ORDER PURSUANT TO 15 U.S.C. § 1116(D)(7) |

1

WHEREAS, on June 24, 2014, Plaintiffs North Atlantic Operating Company, Inc., and National Tobacco Company, L.P. (together, "North Atlantic") commenced the above-captioned action and applied for, *inter alia*, an *ex parte* seizure order against the Defendants at 15419 Tamarack Drive, Victorville, California 92392, under the Lanham Act, 15 U.S.C. § 1116(d), (*see* Dkt. 1-13);

WHEREAS, the Court granted North Atlantic's application and issued an *ex parte* seizure order against Defendants allowing North Atlantic to search, seize, copy, and sequester certain materials in Defendants' possession, custody, or control at that location, (Dkt. 21 [the "Seizure Order"]);

WHEREAS, North Atlantic executed the Seizure Order and, on July 8, 2014, seized (a) counterfeit, infringing, and unauthorized products bearing the ZIG-ZAG® and NAOC® Trademarks (as defined in North Atlantic's Complaint [Dkt. 1]); and (b) business records, invoices, correspondence, e-mails, bank records, computers, hand held electronic devices, cell phones, electronic storage media, books of account, receipts, and other documentation relating to the distribution, sale, offer for sale, importation, and manufacture of ZIG-ZAG® products, (*see* Dkt. 28-1 [Inventory of Seized Items at 15419 Tamarack Drive]) (collectively, the "Seized Items"); and

WHEREAS, the Lanham Act, 15 U.S.C. § 1116(d)(7), requires that the Court enter an appropriate protective order to ensure that confidential, private, proprietary, or privileged information is not improperly disclosed or used;

NOW THEREFORE, IT IS HEREBY ORDERED, that North Atlantic shall treat the Seized Items as confidential and shall not improperly disclose them to third parties;

ORDERED, that if any Seized Items contain sensitive non-public information, or information that Defendants allege is privileged, then Defendants shall notify North Atlantic within 21 days and explain the valid, good faith basis for such designation. The parties may stipulate, or the Court may order that

2

additional protections or confidentiality restrictions shall apply. In the event of disagreement, the party requesting additional protections or confidentiality restrictions, or claiming privilege shall have the burden of proving that the information at issue is entitled to further protections or restrictions, or is privileged;

ORDERED, that if Seized Items are improperly disclosed, North Atlantic shall immediately bring all pertinent facts relating to such disclosure to the attention of Defendants and make reasonable efforts to retrieve such Seized Items to prevent further improper disclosure;

ORDERED, that in the event either party violates or threatens to violate the terms of this Order, the aggrieved party may immediately apply to the Court for appropriate injunctive relief. The Court shall retain jurisdiction over the parties as it pertains to violations or threatened violations of this Order; and

ORDERED, that nothing herein shall prevent a party from using any Seized Items at depositions, in the course of litigation, or in good faith in connection with North Atlantic's investigation of counterfeit ZIG-ZAG® Cigarette Paper Products.

**IT IS SO ORDERED.**

Dated: July 25 2014

Virginia A. Phillips
United States District Court Judge